No. 1420.

THE STATE OF LOUISIANA VS. JOSEPH TOUPS, ALIAS BELL.

Article 126 of the Constitution so enlarges the powers of justices of the peace that they are empowered to bail or discharge persons accused of crimes and offences, in cases not capital or necessarily punishable at hard labor.

APPEAL from the Eleventh District Court, Parish of Acadia. *Perrault, J.*

---

Same Counsel as in preceding case.

---

The opinion of the court was delivered by

WATKINS, J. The pleas and issues in this cause being identical with those raised and decided in case of same title and docket No.

State vs. Toups.

1419, the opinion and decree therein pronounced will necessarily control our decree herein.

It is therefore ordered and decreed that the judgment appealed from be annulled and reversed; and it is now ordered and decreed that there be final judgment in favor of the defendant and appellant, and that he be relieved from paying cost.

### ON APPLICATION FOR REHEARING.

We are requested to grant a rehearing in this case on the *sole* ground that we erred in holding that the justice of the peace was unauthorized to take and approve the appearance bond of defendant—inviting our attention, for the first time, to the language of Art. 126 of the Constitution, empowering justices " to bail or discharge in cases not capital or *necessarily* punishable at hard labor."

The provisions of this article of the Constitution enlarge the power of justices of the peace in reference to granting bail, as it existed under the Revised Statutes, Section 1010; and, inasmuch as Section 8 of Act 124 of 1874 denominates as *petty larceny* the taking of property or money under the value of $100, and declares that it shall be punishable by imprisonment in the parish prison, or in the penitentiary, " at the discretion of the court," the justice of the peace who accepted and approved the bond under consideration was apparently authorized. State vs. Bruce, 33 An. 186; State ex rel. Stevens vs. Judge, 34 An. 52.

In this case the indictment shows that the value of the property charged to have been stolen is less than $100 in value, and the crime mentioned in the appearance bond is petty larceny. Consequently the justice of the peace was presumably authorized to take and approve said bond; and being authorized, there was no necessity that an order should have been made fixing the amount of the bond and authorizing its acceptance.

In this view of the law governing the acceptance of the appearance bond of the accused our opinion and decree are erroneous, but the question presented being one of law, it is not necessary that a rehearing be granted.

It is therefore ordered and decreed that our former decree be set aside, and it is now ordered and decreed that the judgment appealed from be affirmed.